## REQUIREMENTS BY BUILDING ASSOCIATIONS AS TO INSURANCE.

[Circuit Court of Lawrence County.]

JOHN GESWINE, JR., v. STAR BUILDING & LOAN CO.

Decided, 1902.

*Building Associations—By-Law Requiring that Insurance Policies shall be Kept on Deposit with the Company—Covering All Property on which Mortgages are Held—Policy Expires and Property Burns— Company Liable for the Loss—Agency.*

The by-laws of the defendant building association provided that all property upon which mortgages were held should be kept insured and the policy deposited with the association, and in the event of the failure of a borrowing member to procure insurance or secure a renewal, this was to be done by the association at his expense. Upon obtaining a loan from the association, G procured insurance and deposited the policy as required by its by-law. He had no notice of the expiration of the policy, and the association failed to secure a renewal, and the property having thereafter been partially destroyed by fire, he sued the association for the loss thus sustained. *Held:* That this provision of the by-laws made the association as to the matter of insurance the agent of the mortgagor, charged with the duty of holding the policy and renewing it if a renewal became necessary, at the mortgagor's expense, and having failed so to do, the association became liable to the mortgagor for the loss sustained.

CHERRINGTON, J.; SIBLEY, J., and JONES, J., concur.

John Geswine against The Star Building & Loan Company of Ironton, Ohio, a corporation, is a petition in error to reverse the judgment of the common pleas court in sustaining a demurrer to the petition as amended.

The petition, after stating that the defendant is a corporation existing under the laws of Ohio, states that the defendant adopted a constitution and by-laws, and copies a number of the articles of the same, some of which I will read.

Article 5 provides that any person upon subscribing for, or in any way becoming the owner of one or more shares of the capital stock of this association, shall become a member thereof, and as such shall be entitled to all the benefits and privileges,

and subject to all the liabilities and duties of membership as prescribed by the constitution and by-laws.

That on or about January 7, 1896, this plaintiff subscribed for and became the owner of five shares of the capital stock of said defendant, and ever since has been and is now the owner thereof.

Article 3 provides that the association is organized for the purpose of raising money to be loaned among the members thereof, for use in buying lots and houses, in building and repairing houses, and for such other purposes as are authorized by law.

Section 4 of the by-laws provides, among other things, that the treasurer of said defendant shall be the custodian of all the funds, notes, mortgages, fire insurance policies, and other papers belonging to the association, and that his books shall be open to any member of the board of directors at any time.

While all of these that I have read are important, Section 32 of the by-laws is the most important one of all; it provides that—

"When the board of directors see fit they may require any member taking a loan to cause the mortgaged property to be insured for the benefit of the association against loss by fire, in some company to be approved by them, in a sum which they shall name and to keep the same insurance during the continuance of the loan. The policy of insurance, properly indorsed by the company insuring the same, shall be deposited with the association, and all renewals on policies so deposited shall be made by the association and the cost thereof deducted from the amount paid from the borrower. Upon the failure of any member to insure said property as required, or upon the cancellation of any policies deposited as aforesaid, the board shall insure the same at the expense of such member and deduct the cost thereof from the amount paid in by him."

Section 27 provides, among other things, that all loans must be secured by first mortgages on real estate in Lawrence county, Ohio, or on the stock of the association, or on government bonds or other equally good collateral, that he owns.

That on or about August 31, 1896, this plaintiff borrowed of said defendant on three shares of its capital stock owned by

him, the sum of $300, and in order to secure the payment thereof to the said defendant, according to the provisions of its said by-laws, executed and delivered to said defendant his certain mortgage upon certain lots of real estate described, of which he was and still is the owner; that a two-story frame dwelling house stood upon the real estate on said date and continued to stand there, in good condition, until about September 11, 1900. That one of the conditions of said mortgage required the plaintiff to keep insurance on the property described therein, as the board of directors of the defendant required; said mortgage has never been paid off or canceled, and is still in full force and effect.

The amendment is as follows:

"That on or about August 16, 1897, the plaintiff caused said dwelling house to be insured for a period of three years from said date in the Teutonia Insurance Company, of Dayton, Ohio, in the sum of $500 for the benefit of the plaintiff, loss, if any, payable to the defendant as its interest in said premises might appear as mortgagee. That at the expiration of the date of said policy of insurance as hereinafter set out, the indebtedness of this plaintiff to said defendant did not exceed the sum of one hundred dollars; that said board of directors required this plaintiff to deposit said policy of insurance properly indorsed by the company insuring the same, with said defendant, The Star Building & Loan Company, of Ironton, Ohio, and to keep the same insurance during the continuance of the loan."

That the said policy of insurance properly indorsed by the company insuring the same, and that in pursuance of the provisions of Article 32 was by this plaintiff immediately deposited with the treasurer of the defendant and approved by him, and said association received said policy without objection and took the same into its custody, and still has possession and control thereof; that upon the deposit of said policy by this plaintiff with said treasurer, as aforesaid, this plaintiff paid no further attention to the insurance on said dwelling house and thought nothing more about the same, but relied upon the defendant to renew the said policy as by said Section 32 required, and as it was bound to do, and this plaintiff had entirely forgotten the date of its expiration and had no means of knowing the date of

the expiration of said policy; neither did the defendant nor any other party notify him of said expiration, nor did the plaintiff have any knowledge of the expiration thereof; and he says on August 16, 1900, the said policy of insurance expired, and that defendant failed and neglected to renew the same or to insure said dwelling house in any other company; that this plaintiff had no other policy of insurance upon said dwelling, and on September 11, 1900, said dwelling house was partially destroyed and damaged by fire to the amount of $400, and he asks that he recover judgment for the said $400 with interest.

The court sustained the demurrer to that petition as amended, and the sole question for determination in this court is as to the validity of this petition as amended. Do the averments state a cause of action? The theory of counsel for the defendant is that the scheme of the defendant, as indicated by its by-laws, was that this insurance should be for the benefit of the association alone, and for its own convenience. It is provided by by-law 32 that it shall be deposited with the treasurer, and that he shall make renewals and attend to all these matters and charge the same up to the mortgagor, and that that clause 32 being solely for the benefit of the defendant, he can comply with it or waive it as he sees proper, and if he waive the benefits intended to be covered by that clause of the by-laws, and decline to take out a policy at the expiration of the original policy, that is an end of the matter so far as that policy was concerned, and it would involve no liability.

We have been cited to no authorities in this matter; counsel has stated that they have searched for them and are unable to find anything bearing upon this point, and it must be decided upon elementary principles; and some of the members of the court, possibly the majority of us, thought at the conclusion of the argument—we were rather inclined to adopt the views urged by the defendant, but on further examination, we have come to the conclusion, while there may be some doubt about the matter—that that is not the proper view to take of this case. It is true that the scheme on the part of the defendant was, in addition to this security by mortgage on the stockholder's real estate, to have an additional security for itself

in the shape of insurance; while it is true that was the case, yet we think also, that it is pretty plain from the reading of these by-laws, that this insurance was for the mutual benefit of the company and this stockholder.

There is only one paragraph in this section 32 that militates against that view, and that is, for its convenience, of course, "that all renewals on policies so deposited shall be made by the association and the cost thereof deducted from the amount paid from the borrower." Now let me transpose the language a little bit right here. "And upon the failure of any member to insure said property as required or upon the cancellation of any policies deposited as aforesaid, the board shall insure the same and deduct the cost thereof from the amount paid in by him."

The only feature in these by-laws that militates against the view that is for the mutual benefit of both parties is this: "Upon the failure of any member to renew the same, the renewal shall be made by the association and the cost deducted from the amount paid in by him;" but, whatever may be the intention as to that paragraph, the effect of it is the same. The effect of it is mutual insurance. The company had already been secured by mortgage. The stockholder had borrowed only $300, and he had taken out insurance for $500. It is very apparent that the effect of the whole thing was for the mutual benefit of both parties.

We think that can be settled on the doctrine of agency; that these by-laws made the association the agent for the mortgagor and the one insuring and they agreed these by-laws, that is the effect of them, they agreed to take charge of this policy and renew it if it became necessary and charge it up to the plaintiff, and failing to do that, why are they not liable for the failure to comply with their contract?

I say there have been no authorities cited; we don't attach much value to this brief opinion in 65 Illinois, 453-62, yet it tends in the direction that I have named. Now, it is not authority of any value because there is an entire absence in the statement of the case of any by-laws governing the association which show or determine the respective duties of the parties,

but there the plaintiff had procured a loan of $700 from the Chicago Building Association, giving his note and deed of trust on the real estate for security, and he covenanted in that deed to keep the building insured in such company as the building association should designate. Crowell procured a policy for $1,000 and deposited the policy with the company; the secretary paid the premium of five dollars and charged it up to Crowell on his pass-book; a short time before it expired he went to the secretary, said he would take out the policy himself, and the secretary replied that the association preferred to do it; thereupon Crowell left the matter with the secretary, and the secretary neglected and failed to renew the policy, and the building burned down and suit was brought. The only defense made in the case is, that this secretary had no authority to make the representations, or the agreement with Crowell that he did make, but the court holds that this secretary had the right to make these representations, and we take it, although it does not so state, that the company, having induced Crowell to permit this company to insure, is estopped from saying that it was not their duty to do so, and holds the company liable, and, of course, it must have been on the theory that the company was the agent of Crowell, the plaintiff in the case.

As before stated, we think these by-laws constituted this defendant the agent for the plaintiff, to renew this policy, and having failed to do it, it shows dereliction of duty, and the company is liable therefor.

The judgment will be reversed and the cause remanded with instructions to the court below to overrule the demurrer.

*Corn & Thompson,* for plaintiff in error.

*Miller & Miller,* for defendant in error.